UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL R. ROGERSON-WISE, | ) | CASE NO. 1:23-CV-2354 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY JAIL, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*Pro se* Plaintiff Daniel Rogerson-Wise filed this civil rights action under 42 U.S.C. §1983 against the Cuyahoga County Jail and Metro Health Hospital. In the Complaint, Plaintiff lists multiple challenges to conditions in the jail and his treatment from Metro Health Hospital. He does not specify any legal claims. He asks this Court to award him ten million dollars in damages.

I. **Background**

Plaintiff asserts numerous claims pertaining to the conditions in the Cuyahoga County Jail and treatment from Metro Health Hospital. He alleges he was "denied showers within federal/state time (72) hours." (Doc. No. 1 at p. 2.) He claims he tested positive for Methicillin-Resistant Staphylococcus Aureus (MRSA) which he claims he contracted from inhumane living conditions. He claims Metro Health Hospital nurses, and Cuyahoga County Jail corrections Officers, "continue to violate humans." (*Id.*) He contends that although it has been months since he was diagnosed with MRSA, he has not been cured of the infection. (*Id.*) He claims "they" never follow doctor's orders and fail to perform wound care. (*Id.*) He alleges the head nurse saw an open wound and cleared him a week early from the medical unit so another inmate could

have the bed. (*Id.* at p. 3.) He states the Doctors order him to use Betasept soap, but the nurses fail to give it to him. (*Id.*)

Plaintiff also claims that the corrections officers abuse the "red zone," and inmates are locked in cells every weekend. (*Id.*) He states they are denied visits. (*Id.*) He claims a sewer pipe broke on 10A on October 27, 2023, and it took hours to clean the floor. (*Id.*) He states the inmates are forced to walk barefoot on the floor so they cannot kick the doors. (*Id.*) He contends they only kick the doors because they feel neglected. He indicates there are no medical emergency buttons in cells. (*Id.*) He alleges nurses do not show up in the unit on a weekly basis. He states that this results in missed doses of medication. (*Id.*)

Plaintiff claims he went to the attorney cell on November 22, 2023. (*Id.*) He contends he returned ten minutes later to find corrections officers destroying his cell and ripping up legal work. (*Id.*) He claims they stole his glasses saying they could be made into a weapon. (*Id.*) He contends the glasses were never placed with his property. (*Id.* at p. 4.)

Plaintiff filed a prior lawsuit against these Defendants listing many of the same claims. *See Rogerson-Wise v. Cuyahoga Cty. Jail*, No. 1:23 CV 1838 (N.D. Ohio Dec. 7, 2023). That action was dismissed because Plaintiff did not identify a Defendant against whom any of his potential federal claims could be bought. He brought that action against the same defendants he brings this action against—the Cuyahoga County Jail and Metro Health Hospital. The court held that the Cuyahoga County Jail is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. The court further held that Plaintiff did not include any allegations against Metro Health Hospital and, even if it did, the hospital could not be held liable for the actions of its employees under a theory of *respondeat superior*. Four days after that case was dismissed, Plaintiff filed this action stating similar allegations against the same Defendants.

**II.     Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**III.    Analysis**

This case is dismissed for the same reasons that the previous case was dismissed. Plaintiff has not identified a defendant against whom any of his federal claims can be bought. A county jail is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued.

3

*See Gerald v. Akron Bar Assn.*, No. 5:18 CV 414, 2018 WL 2985142, at *2, (N.D. Ohio June 14, 2018) (finding the Summit County jail is not *sui juris* and therefore lacks the capacity to be sued); *Jackson v. Mowry*, No. 1:12 CV 3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013) ("county jails and sheriff's departments are not legal entities capable of being sued in their own right for purposes of § 1983"); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"). Consequently, Plaintiff's claims against the Cuyahoga County Jail fail as a matter of law.

Furthermore, Plaintiff fails to allege facts that pertain to Metro Health Hospital. He gives no indication of how the entity Metro Health Hospital is connected to the asserted violation of his constitutional rights. Plaintiff's allegations relate only the employees of Metro Health Hospital. But Metro Health Hospital cannot be held liable for the actions of its employees under a theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Instead, it can only be held liable for its own actions. To the extent that Metro Health Hospital can be considered a government entity, and Plaintiff has not alleged facts to establish this is the case, it can only be held liable where its official policy or custom actually serves to deprive him of his constitutional rights. *Id.* at 692–94. To state a claim for relief against a local government entity under § 1983, Plaintiff must: (1) identify the local government entity's policy or custom, (2) connect the policy to the local government entity, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.

4

2003).  Plaintiff does not identify any policy or custom of Metro Health Hospital that caused his alleged injuries.

## IV. Conclusion

Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:** April 17, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE